UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| POLYONE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CELLECT, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO: _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiff, PolyOne Corporation ("PolyOne"), for its Complaint against the Defendant, Cellect, LLC ("Cellect"), alleges and states as follows:

### Parties and Jurisdiction

1. The Plaintiff, PolyOne, is a for-profit corporation formed under Ohio law, and duly registered with the Ohio Secretary of State. PolyOne maintains its corporate headquarters and principal place of business at 33587 Walker Road, Avon Lake, Ohio 44012.

2. The Defendant, Cellect, is a for-profit limited liability company formed under the laws of Delaware with its principal place of business at 15 Autumn Drive, Centerville, Massachusetts 02632 and a place of business at 12 New St., St. Johnsville, NY 13452. Scott Smith, principal member and manager of Cellect, resides in and maintains an office for Cellect in Massachusetts.

3. PolyOne is a global leader of specialized polymer materials and tailored services.

4. Cellect is in the business of manufacturing foam products for use in a wide variety of industrial and consumer markets, which markets, upon information and belief, include medical,

healthcare, gaskets, seals, automotive, transportation, building, construction, toys, military and electronics packaging.

5. Cellect placed product orders with PolyOne representatives located at PolyOne's distribution facility in Ayer, Massachusetts, and products ordered by Cellect were shipped to Cellect via the Ayer, Massachusetts distribution facility. Throughout the relationship of PolyOne and Cellect, Cellect routinely contacted representatives of PolyOne employed in Massachusetts.

6. The Court has personal jurisdiction over Cellect as its principal member is a citizen of this State and it has transacted business within this State and judicial district from which the claims in this action arise.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a).

**Factual Background**

9. For the period of June 22, 2005 to June 25, 2006, Cellect ordered certain ethylene plastic resin pellets (collectively, the "Goods") from PolyOne pursuant to the terms set forth on certain invoices generated by PolyOne (the "Invoices").

10. PolyOne timely delivered the Goods to Cellect referenced on the Invoices.

11. Cellect never disputed the Invoices, accepted the Goods and never revoked such acceptance or returned the Goods but has not paid amounts due and owing on certain Invoices. A true and correct summary of the Invoices which Cellect has not paid and an example of one of the Invoices, are attached as Exhibit "A".

12. On or about February 5, 2008, a representative of Cellect met with representatives of PolyOne and executed a repayment agreement (the "Repayment Agreement") in an attempt to satisfy the outstanding amounts owed to PolyOne. A correct and true copy of the Repayment Agreement is attached hereto as Exhibit "B".

13. Cellect failed to satisfy the terms of the Repayment Agreement.

14. As of February 13, 2009, Cellect owes PolyOne $489,142.23 on account of the Goods it ordered from PolyOne and which were accepted by Cellect upon delivery, plus the late charges and interest.

15. To date, Cellect has not made any payment in satisfaction of the outstanding debt owed to PolyOne.

16. Upon information and belief, Cellect has either sold, used, or retained the benefit of the Goods, without making any payment to PolyOne on account of same.

## COUNT I
**(Breach of Contract - Invoices)**

17. PolyOne incorporates by reference all of the preceding paragraphs of the Complaint as if fully restated herein.

18. Cellect is bound by the terms of the Invoices which specifically state that "[t]he sale and acceptance of these goods is conditioned upon Buyer's understanding and acceptance of PolyOne Corporation's Terms and Conditions which shall be accessed by Buyer http://www.polyone.com/terms. PolyOne Corporation rejects all additional, different, or modified terms and conditions submitted by Buyer." A copy of the relevant terms and conditions are attached hereto as Exhibit "C".

19. PolyOne fully performed its obligations under the terms of the Invoices and Cellect accepted such performance.

20. Cellect breached the terms of the Invoices by failing to pay PolyOne on account of all Goods sold and delivered to Cellect by PolyOne as required under the terms of the Invoices.

21. PolyOne is entitled to recover from Cellect, damages of $489,142.23, plus interest and late fees which continue to accrue.

## COUNT II
### (Breach of Contract - Repayment Agreement)

22. PolyOne incorporates by reference all of the preceding paragraphs of the Complaint as if fully restated herein.

23. PolyOne and Cellect entered into the Repayment Agreement as an alternative method for Cellect to repay its outstanding obligations to PolyOne.

24. PolyOne fully performed its obligations under the terms of the Repayment Agreement.

25. Cellect breached the Repayment Agreement.

26. PolyOne is entitled to recover from Cellect, damages of $489,142.23, plus interest and late fees which continue to accrue.

## COUNT III
### (Account Stated)

27. PolyOne incorporates by reference all of the preceding paragraphs of the Complaint as if fully restated herein.

28. Cellect owes PolyOne $489,142.23, plus interest and late fees, pursuant to the account attached as Exhibit A.

29. Due demand has been made for payment in the amount of $489,142.23.

30. Said amount is still due and owing.

31. PolyOne is entitled to recover from Cellect damages in excess of $489,142.23, plus interest, and late fees which continue to accrue.

## COUNT IV
### (Unjust Enrichment/Quantum Meruit)

32. PolyOne incorporates by reference all of the preceding paragraphs of the Complaint as if fully restated herein.

33. By delivering the Goods according to the terms of the Invoices, PolyOne conferred a benefit upon Cellect, as Cellect received, took possession of, and/or used the Goods.

34. Cellect used PolyOne's Goods in the course of Cellect's business for profit, all at the expense and to the detriment of PolyOne.

35. PolyOne has lost and will continue to lose substantial profit due to Cellect's retention of these benefits.

36. It is unjust under these circumstances to allow Cellect to retain these benefits without making payment therefor.

37. As a result of this inequity, PolyOne is entitled to recover from Cellect damages in excess of $489,142.23, plus interest and late fees which continue to accrue.

**WHEREFORE**, the Plaintiff, PolyOne Corporation, respectfully requests that this Court grant the following relief:

1. Pursuant to Counts I through IV, judgment against Defendant, Cellect, LLC, in the amount of $489,142.23, plus pre-judgment and post-judgment interest and late fees which continue to accrue; and,

2. Such other and further relief as this Court may deem just and equitable.

    Respectfully submitted,

    **POLYONE CORPORATION,**

    By its Attorneys,

Dated: June 19, 2009      /s/ *Douglas B. Otto*
    Douglas B. Otto (BBO# 555269)
    Jill K. Hauff (BBO# 653886)
    MORRISON MAHONEY LLP
    250 Summer Street
    Boston, MA 02210
    Tel: (617) 737-8873
    Fax: (617) 342-4970
    dotto@morrisonmahoney.com
    jhauff@morrisonmahoney.com

    *Of Counsel:*

    Robert F. Ware (0055515)
    Jennifer S. Roach (0074143)
    THOMPSON HINE LLP
    127 Public Square
    3900 Key Center
    Cleveland, Ohio 44114
    Tel: (216) 566-5500
    Fax: (216) 566-5800
    Rob.Ware@ThompsonHine.com
    Jennifer.Roach@ThompsonHine.com

    *Attorneys for Plaintiff PolyOne Corporation*